793 F.2d 1294
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
OTHMAN AKOUBI YOUSIF and BASIMA HANNA, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 84-3806
 United States Court of Appeals, Sixth Circuit.
 5/20/86
 
 AFFIRMED
 I.N.S.
 Petition for Review of an Order of the Board Of Immigration Appeals
 Before: KRUPANSKY and GLY, Circuit Judges, and HOLSCHUH, Ditrict Judge.*
 PER CURIAM.
 
 
 1
 Petitioners Othman Yousif and Basima Hanna appeal from an August 16, 1984, order of the Board of Immigration Appeals (Board) denying their motion to reopen deportation proceedings.
 
 
 2
 Petitioners, husband and wife, are citizens of Iraq who entered the United States in 1978 as visitors for pleasure. On February 7, 1979, petitioners filed a Request for Asylum with the Immigration and Naturalization Service (INS). Petitioners asserted that they were entitled to asylum because of the probability that if returned to Iraq they would be persecuted for their religious beliefs, as Chaldean Christians, and for their political opinions, because of Yousif's membership in the underground Bet-Nahrain Democratic Party. The request was denied by the district director. Subsequently, on July 22, 1982, a deportation hearing was held before an immigration judge, with both petitioners present. Petitioners conceded deportability, but renewed their application for asylum under 8 U.S.C. Sec. 1253(h). Testimony was heard, and the immigration judge found that petitioners had not established a sufficient likelihood of persecution, and ordered their deportation. The Board affirmed the immigration judge, and petitioners moved the Board to reopen the proceedings. The Board denied the motion.
 
 
 3
 Following the Board's denial of their first motion to reopen, petitioners sought review by this court under 8 U.S.C. Sec. 1105(a). This court concluded that substantial evidence supported the Board's finding that petitioners did not have a well-founded fear of persecution if returned to Iraq, and therefore affirmed the Board's decision. Yousif v. INS, No. 83-3213, unpub. slip op. (6th Cir. Apr. 16, 1984) (per curiam). Specifically, this court found that petitioners had not produced any proof that they would be singled out and persecuted on the basis of their religious belief. In addition, with respect to petitioners' claim that they would be persecuted on the basis of their political beliefs, this court found that although Yousif had been jailed for 36 days in Iraq, it was unclear if the imprisonment was on the basis of his membership in the Bet-Nahrain Democratic Party. In that regard, this court rejected a letter from the Bet-Nahrain Democratic Party entered by petitioners in support of their claim. This court stated:
 
 
 4
 A letter was introduced into evidence from the Bet-Nahrain Democratic Party in support of their claim that since Yousif has come to the United States the Iraqi Government had discovered his political affiliation and would arrest and execute him upon his return. The claim is apparently inconsistent with Yousif's testimony that he was jailed for his political beliefs while still in Iraq, and with the evidence that Yousif and his father were allowed to leave Iraq.
 
 
 5
 Slip op. at 4. Finally, this court rejected Yousif's claims that if returned to Iraq he would be arrested for failing to report for duty when his army reserve unit was recalled. This court found that prosecution for this crime would not constitute persecution 'on account of race, religion, nationality, membership in a particular group, or political opinion.' Slip op. at 5.
 
 
 6
 Following this court's decision, on May 15, 1984 the INS notified petitioners' attorney that their deportation was scheduled for May 22, 1984. One day before petitioners were scheduled to be deported, they filed a second motion to reopen deportation proceedings. This time petitioners alleged that they had obtained new evidence in the form of a second letter from the Bet-Nahrain Democratic Party and a letter from the Assyrian Universal Alliance. Both organizations indicate in these letters that they have received information from informants in Iraq that Yousif will be in danger if he returns home.
 
 
 7
 Petitioners failed to appear for deportation on May 22, 1984, and in an order dated August 16, 1984, the Board formally denied petitioners' second motion to reopen, explaining:
 
 
 8
 In the case before us we find that the respondents have failed to adequately substantiate their claim to a well-founded fear of persecution, whether their claim is assessed in terms of demonstrating a 'clear probability,' a 'realistic likelihood,' a 'reasonable possibility' or a 'good reason to fear' persecution. We find no adequate demonstration that these aliens' claimed fear of persecution based on their religion, membership in a particular social group, and political opinion is well-founded.
 
 
 9
 The regulations promulgated under the Immigration and Nationality Act explain that the Board may not grant a motion to reopen unless it is based on new and material facts not available at the former hearing. 8 C.F.R. Sec. 3.2 (1985). The regulations do not affirmatively require the Board to reopen the proceedings under any particular circumstance, and thus have been construed to provide the Board with broad discretion in determining when proceedings should be reopened on the basis of new evidence. INS v. Wang, 450 U.S. 139, 143 n.5 (1981). The decision of the Board may only be overturned for an abuse of discretion. Balani v. INS, 669 F.2d 1157, 1160-61 (6th Cir. 1982). In this respect, the Supreme Court noted in Wang:
 
 
 10
 If INS discretion is to mean anything, it must be that the INS has some latitude in deciding when to reopen a case. The INS should have the right to be restrictive. Granting such motions too freely will permit endless delay of deportation by aliens creative and fertile enough to continuously produce new and material facts sufficient to establish a prima facie case. It will also waste the time and efforts of immigration judges called upon to preside at hearings automatically required by the prima facie allegations.
 
 
 11
 Wang, 450 U.S. at 144 n.5 (quoting Villena v. INS, 622 F.2d 1352 (9th Cir. 1980) (en banc) (Wallace, J., dissenting).[1]
 
 
 12
 The Board did not abuse its discretion in denying petitioners' motion to reopen. The letters submitted by petitioners in support of their motion allege that, if returned to Iraq, Yousif will be persecuted because of his political affiliation with the Bet-Nahrain Democratic Party, his refusal to report to duty when his army reserve unit was called, and because of his application for asylum in the United States. All of these claims were previously considered and rejected by the district director, an immigration judge, and this court. Since these letters do not materially enlarge upon the claims which petitioners have already advanced through three levels of review, the Board did not abuse its discretion in denying petitioners' motion to reopen. Furthermore, the history of this case reveals that petitioners have effectively delayed deportation for seven years, and this delay further supports the Board's refusal to reopen the deportation proceedings.
 
 
 13
 Accordingly, the order of the Board of Immigration Appeals is AFFIRMED.
 
 
 
 *
 Honorable John D. Holschuh, United States District Court, Southern District of Ohio, sitting by designation
 
 
 [1]
 The potential for endless delay, which the Supreme Court highlights in Wang, is well illustrated by the facts of this case. During the pendency of this appeal, petitioners filed a motion for suspension of deportation with the Board of Immigration Appeals, pursuant to 8 U.S.C. Sec. 1254. As a prerequisite to a Sec. 1254 motion, a movant must establish that he has continuously resided in the United States for seven years, which petitioners can now establish due to the time consumed by the litigation thus far